Map.tix, J.
delivered the opinion of the court The petition states that the defendants are in-_ 1 debted to the plaintiff, in the sum of S :183, 58, ' for freight of a quantity of coffee, by them shipped on board of the plaintiff’s vessel in the Havanna, for New-Qrleans, which was accord-in§ly brought into the iatter port and delivered to *be defendants, who accepted the same, and refuse to pay the freight.
The answer sets forth that part of the coffee, mentioned in the petition, viz. ¡25 bags belonged to the defendants, was so much injured in the transportation, as to occasion a damage amounting within twenty six dollars to the freight claimed ; and the rest amounting to ⅜7 bags, was so much injured in the transportation, as to occasion a loss of SS53, 05 more than the amount of the freight claimed therefor; further, that the said 72 bags of coffee were not delivered in the like good order in which they were shipped, and great damage was occasioned thereto by the fault and negligence of the master of said Yessel, or by the defects of said vessel.
*279 The district judge save judgment for the J 0 * _ J s fendants ; and the plaintiff appealed.
Our attention is first drawn to the absence of any of the reasons, and of the citation of any law» on which this judgment was rendered ; wherefore, it is ordered, adjudged and decreed, that the judgment, being contrary to the constitution, and the act of the legislature;, be annulled, avoided and reversed.
Proceeding to inquire what judgment the district court ought to have rendered, we find the testimony in the case spread on the record.
Baldwin, the weigh master of the custom jhouse, deposed that he weighed the eott'ee that came in the plaintiff’s vessel, and observed that Sübags of it belonging to the defendants \v ere dam* aged and When he returned from dinner he took notice that some of the coffee which he had weighed in the morning remained on the levee. On his cross examination, he added, that he know s of no coffee remaining at night; that he saw some one evening pretty late. Two days it rained, While he was at dinner; but the coffee was removed before he returned. The 20 bags he speaks of, as damaged, were sent to the defendants* store. The captain observed that some of the coffee was damaged, but he could not ac *280 count for it. He returned the ¾0 bags to this collector as-damaged, and told him he did not as observe that the rest of the cotfee, returned damaged, was so. This was after the survey. There were f >ur or five hags 1 •imaged belonging to Brandegee, who received 119, and 83 bags of coffee in good order, except a few bags which were partially damaged.
Barker, a witness for the defendants, superintended the ladingof the coffee in the Havanna ; it was in good order; some of the bags were torn, and others clumsily put up; but the coffee •was perfectly good and dry. When it arrived, in New-Orleans he. took notice that some dam| aged bags were landed, and expostulated the captain on the impropriety of landing such bags without a survey, and was qajjpwered, that it was presumed to be of no^c^Bse^ueuce/’and, that the damage musí have happened when the vessel was driven ashore in the hurricane. H« inquired yvhy a protest was not mude, and tne l^answered he did not believe it to be very ¡fríant, but he had written to bis consignee t&¿haye a protest noted, and seud down a surveyor., The captain once told the itness the coffee was wet ’ when it came on board : and being asked why he signed the bill of biding, made no reply. The defendants sold 30 bags of *281 the coffee to Lieutaud, brothers & Delhonde, wüieSi they took from the levee as it was landed; and immediately sent word that the coffee was damaged. On receiving this message, the witness went down and found it so; though, from the looks of the bags, he could not have supposed it. He took the thirty hags, and gave others from another vessel. The whole was not then landed. The captain and consignees were desired to come to the defendants’ store, to view the imaged coffee. The captain did notéome, hut ¡¡sw ness bel|&F$8 that Price did, in behalf of |han & Bfegart, the consignees,
ud confirmed what was said by Barker, ght by Lieutaud, bro-
defendants deposed fee-from the plaintiff’s ¡f it began on the 88th of ‘ter, he discovered He requested-1 to take it back, who replied’ Hit the defendants might go on and reel fee, and they would settle afterwar reporting this to the defendants, he cn receive the coffee,which lasted till the 3d of Jaty.
It was admitted that B. D. Sheppard & co. *282 received 14 basis of coffee by the saraeyéssel,'' not damaged ; nine of them being taken out on thb fisriy the' rest on the second day of the discharging. — That Gordon, Grant 8£ co. received 15 bags not damaged; a part of them being landed at the same time with the defendants’ coffee. That J. Hagan received 49 bags; and MXLana-han & Bogart about SO,which were not damaged.
Proof «vas exhibited by witnesses and docu-tfeU the loss sustained by the damage of ras, at least, equal to the freight claims foffaei
jpears, from the testimony of BarkfiHRiat-thepSoffee was delivered in the Havana, in good order; and by that of Collins atjl Lie taud that a considetableáBfcwP^^as'Jiíiimj at the time it was delivapom but the petition alledges thaMthe daÉÉmuants re<§|yed and accepted the coffee; vSKfe if not accoumed |t prevent the defendáis from oglPiing in which the coffi^|Ml&.j^Wtered, set off against the claim for freight; Collins Éeposes, that on his objecting to receive anyjmore coffee, and desiring that the Sags might be taken on board again, the master observed, that the delivery might continue, the coffee be landed, carried to the «tore of the defendants, and the matter would *283 | settled. This, in our opinion, Je-receipt and acceptance of the coffee, and authorizes the defendants to claim a settlement afterwards : and if they can shew that the coffee was damaged, in such a manner as to have authorized them to refuse receiving it without an allowance being made to them, they may now indemnify themselves by retainitozu the freight, if they shew injury equal to iit ante
The testimony of Baldwin, the wjpígh master, raises but a small presumption of th&coffee bá$|| ing been wet by a pbótracted exposure to tj : rain, after its landing, which is not st&cl encreased by the outward appearance of th| ^Jbags inducing a belief that the coffee waSsou -nor by the coffee of the other shippers not being damaged..
When goods ave shewn to have been delivered in good order* and are landed otherwise, the fact is evident that the deterioration happened onboard ; and as the master is able to shewjthe cause of this deterioration, the presumption of, the law is, that when he does not exhibit, of this cause, that his neglect occasioned the de- ' terioration. In this caSe there has been on the part of the plaintiff, or his agent, such a gross neglect of the means which the law and custom *284 point out, in order to establislv ' .... .. , >.m ot merchandize by any ot these causes _ the owner and master cannot he made, KaupP that he cannot tie permitted to recover.
for the plaintiff, Livingston for ,ntte.
It is, therefore, ordered, adjudged and decreed, that there be judgment for the defendants, with costs of suit in the district court; but gn$ent of that court being reversed in this, mustmav the costs of the appeal.